UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60089-CIV-ZLOCH

GINO MULLER, on behalf of
himself and those similarly
situated,

      Plaintiff,

vs.                                         **O R D E R**

AM BROADBAND, LLC
d/b/a Nex-Link,

      Defendant.
_____/

THIS MATTER is before the Court upon Defendant AM Broadband,
LLC d/b/a Nex-Link's Motion For Summary Judgment (DE 30).  The
Court has carefully reviewed said Motion and the entire court file
and is otherwise fully advised in the premises.

I. Background

Plaintiff Gino Muller initiated the above-styled cause with
the filing of his Complaint (DE 1), in which he alleges Defendant
AM Broadband, LLC d/b/a Nex-Link violated the Fair Labor Standards
Act (hereinafter "FLSA") by failing to pay him certain overtime
wages pursuant to the FLSA.  29 U.S.C. §§ 201 et seq. (2006).

Defendant provides engineering, maintenance, and installation
services to telecommunications providers.[1]  DE 32, Affidavit of
Noel R. de la Rosa, ¶ 2.  Yako's Construction, Inc. (hereinafter
"Yako's") is, and was at all times material, an active Florida

_____

[1]These facts, unless otherwise noted, are undisputed.

corporation.   Deposition of Gino Muller, DE 31, pp. 36-37 (hereinafter "Plaintiff Dep."). Plaintiff is the sole shareholder of Yako's. Plaintiff Dep. p. 32. On October 7, 2005, Plaintiff signed a Commissioned Consultant Agreement (hereinafter "Agreement") with Defendant, on behalf of Yako's. DE 31, Ex. 1. Pursuant to the Agreement, Defendant paid Yako's for work performed on a piece-rate basis according to the rates set forth in the Agreement. Plaintiff worked for Defendant from October 2005 until approximately October 2006. Plaintiff Dep. p. 9.

Prior to working for Defendant, Plaintiff acquired on-the-job training and experience performing cable installation at GFC, a Texas corporation. Id. p. 10. Plaintiff's work for Defendant involved running cable lines from poles to houses, through rooms in houses, connecting cables, connecting boxes and receivers, and programming televisions and cable boxes. Id. pp. 8-10.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted).  Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III. Analysis

The determination of a person's employment status under the FLSA is a question of law.  Amable v. Long & Scott Farms, Inc., 20 F.3d 434, 440 (11th Cir. 1994).  The Court must review the record to determine if any genuine issues of material fact exist and, if

not, determine whether Plaintiff is an employee or an independent contractor for purposes of the FLSA.  Atenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996).  In other words, the Court must determine whether the evidence, drawing all reasonable inferences in favor of Plaintiff, support a conclusion that he was an independent contractor.  Id.

Defendant has moved for summary judgment requesting that the Court determine, as a matter of law, that Plaintiff is an independent contractor and relies primarily on Freund v. Hi-Tech Satellite, Inc., 185 Fed. Appx. 782, 784 (11th Cir. 2006), where the Eleventh Circuit affirmed a district court's judgment, at the conclusion of a bench trial, that a cable installer worked as an independent contractor.  To determine whether an individual is an employee or an independent contractor, courts analyze the "economic reality" of the employment relationship.  Rutherford Food Corp. v. McComb, 331 U.S. 722, 728 (1947).  In Rutherford, the seminal case in this field of law, the Supreme Court set forth six factors for courts to determine the economic reality of an employment relationship.  These factors have been codified into the FLSA regulations:

> (i) The nature and degree of the putative employer's control as to the manner in which the work is performed;
> (ii) The putative employee's opportunity for profit or loss depending upon his/her managerial skill;
> (iii) The putative employee's investment in equipment or materials required for the task, or the putative employee's employment of other workers;
> (iv) Whether the services rendered by the putative employee require special skill;

(v) The degree of permanency and duration of the working relationship;

(vi) The extent to which the services rendered by the putative employee are an integral part of the putative employer's business.

29 CFR § 500.20(h)(4).  These factors are not an exclusive list of what the Court can consider to determine the economic reality, and no single factor is dispositive.  Id.; see, e.g., Freund, 185 Fed. Appx. at 784; Chao v. Mid-Atlantic Installation Servs., Inc., 16 Fed. Appx. 104, 107 (4th Cir. 2001) (citing Secretary of Labor v. Lauritzen, 835 F.2d 1529, 1535 (7th Cir. 1987); Santelices v. Cable Wiring & S. Fla. Cable Contractors, Inc., 147 F. Supp. 2d 1313 (S.D. Fla. 2001).

The following summary is a non-exhaustive list of the genuine issues of material fact that relate to factors "i, ii, iii, and v," and which preclude the Court from finding, as a matter of law, that Plaintiff is an independent contractor.  29 CFR § 500.20(h)(4). Defendant asserts that it provides no direct supervision over Plaintiff's work, and that Plaintiff is free to determine his own routes.[2]  29 CFR § 500.20(h)(4)(i) ("The nature and degree of the putative employer's control as to the manner in which the work is performed.")  However, Plaintiff contends that he was not free to

_____

[2]Defendant's Statement Of Uncontested Facts (DE 33) characterizes all work being performed by Yako's.  On the other hand, Plaintiff refers to himself individually as the person performing the work.  For the purpose of simplicity, the Court will use the term "Plaintiff," keeping in mind that Plaintiff Gino Muller signed the Agreement on behalf of Yako's for the work to be performed.

determine the manner in which he worked, and whenever he did exercise such discretion, he was penalized. Plaintiff's Declaration, DE 43, Ex. 2, ¶ 8 (hereinafter "Plaintiff Decl."). Plaintiff contends that he was required to arrive at work at a set time each day, generally around 7:00 a.m. Further, Plaintiff argues that he was required to perform each job within a time-frame specified by Defendant and was required to check in with a dispatcher who instructed Plaintiff with regard to the jobs he must perform. Id. ¶ 15. Also, Plaintiff contends if he arrived late to work, or did not report on a given day without requesting time off, he would be fined. In addition, if he failed to complete a job within the given time-frame, he was not paid for the job. Id. ¶¶ 12, 15. Plaintiff also asserts that he was not paid for jobs when he used methods for performing the job that did not meet with Defendant's specifications. Id.

Defendant claims Plaintiff had the freedom to hire additional employees to work for him, and thus increase the number of jobs he could complete and the revenues he could bring in. 29 CFR § 500.20(h)(4)(ii, iii) ("(ii) The putative employee's opportunity for profit or loss depending upon his/her managerial skill; (iii) The putative employee's investment in equipment or materials required for the task, or the putative employee's employment of other workers."). Plaintiff contests that, as a practical reality, he was not able to hire his own assistants because Defendant always insisted on providing its own employees instead. Plaintiff Decl.

6

¶ 10.  Plaintiff used his own truck during his work for Defendant, and he did not receive compensation for gas, tolls, or other related expenses.  Defendant claims that Plaintiff provided all of his own tools for the jobs.  Plaintiff contends that while he provided a drill, crimper, peeler, and a shovel, Defendant provided a hard hat, jacket, meters, and a special belt for climbing poles.  See Chao, 16 Fed. Appx. at 107 (citing Lauritzen, 835 F.2d at 1535) (reasoning that a worker's capital investment is relevant to both factors two and three).  Additionally, Defendant provided all materials necessary for the jobs, including but not limited to cable, cable boxes, and clamps.  Plaintiff Decl. ¶ 20.

Defendant also claims during the year Plaintiff worked for Defendant, he had the freedom to work for other companies.  29 CFR § 500.20(h)(4)(v) ("The degree of permanency and duration of the working relationship."); Freund, 185 Fed. Appx. at 784 (reasoning that the ability to take jobs from other companies should be considered in determining the degree of permanence).  However, Plaintiff claims that because he worked between six and seven days per week and twelve to fourteen hours per day, he could not work for anyone other than Defendant.  Plaintiff Decl. ¶ 10.  The Parties talk past each other on this point, and it is not clear whether Plaintiff was foreclosed as a matter of policy, from working for other companies, or whether Plaintiff, as a matter of convenience, chose to work solely for Defendant.

7

IV. <u>Conclusion</u>

The Court finds that, drawing all inferences in favor of Plaintiff, genuine issues of material fact remain as to whether Plaintiff is an independent contractor. <u>See</u> <u>Santelices v. Cable Wiring & S. Fla. Cable Contractors, Inc.</u>, 147 F. Supp. 2d 1313 (S.D. Fla. 2001) (denying summary judgment on the issue of whether a cable installer was an independent contractor). At trial, Defendant may very well establish that Plaintiff is an independent contractor under the economic reality test. However, at this stage of the proceedings, drawing all reasonable inferences in favor of the non-moving party, the Court cannot make such a determination.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant AM Broadband, LLC's Motion For Summary Judgment (DE 30) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____14th____ day of March, 2008.



WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

8